UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

XIANFENG WANG,

      Plaintiff,

v.                                    Case No.: 8:23-cv-2787-VMC-AAS

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

      Defendants.

_____/

**ORDER**

This cause comes before the Court in consideration of Plaintiff's Motion for Entry of a Temporary Restraining Order (Doc. # 18) on December 14, 2023. This Temporary Restraining Order is sought against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A (Doc. # 15-2) and using at least the domain names identified in Schedule A and the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). For the reasons that follow, the Court grants the Motion.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Florida. Specifically, Plaintiff has provided a basis to conclude that Defendants have

1

targeted sales to Florida residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Florida, and have sold products using infringing and counterfeit versions of Plaintiff's federally registered U.S. Patent D907360S to residents of Florida. Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Florida residents by operating one or more commercial, interactive internet stores through which Florida residents can and do purchase products infringing Plaintiff's patent without authorization. (Doc. # 15-3).

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Declaration of Robert DeWitty in Support of Motion for Temporary Restraining Order (TRO) (Doc. # 18-1) and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to offshore accounts.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

2

(1)   Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    (a)   further infringing U.S. Design Patent D907360S;

    (b)   manufacturing, importing, distributing, offering for sale, or selling the any knock-off and copycat products, i.e., trapezoidal handbag and any colorable variations thereof (the "Infringing Products") into or within the United States and other territories;

    (c)   shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, the Infringing Products;

    (d)   manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which infringe Plaintiff's patent;

    (e)   otherwise competing unfairly with Plaintiff in any manner.

    (f)   using, linking to, transferring, selling, exercising control over, or otherwise owning the Amazon.com,

3

ebay.com,   Walmart.com,   etsy.com,   CVNCCrystal.com, Aliexpress.us,   Alibaba.com,   or   any   other   online marketplace account that is being used to sell or is the means by which Defendants could continue to sell the Infringing Products; and

(g)   operating and/or hosting any website or marketplace account for or on behalf of Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of Infringing Products.

(2)   Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts until further ordered by this Court, except by written agreement with Plaintiff.

(3)   Plaintiff is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

(a)   the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

(b)   the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying

4

information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

(c)  any  financial  accounts  owned  or  controlled  by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert  or  participation  with  them,  including  such accounts residing with or under the control of any banks, savings  and  loan  associations,  payment  processors  or other  financial  institutions,  including,  without limitation,  PayPal,  Inc.  ("PayPal"),  Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account  providers,  payment  providers,  third  party processors,  and  credit  card  associations  (e.g., MasterCard and VISA).

(4)  Upon Plaintiff's request, any third party with actual notice of  this  Order  who  is  providing  services  for  any  of  the Defendants, or in connection with any of Defendants' Online Marketplaces,  including,  without  limitation,  any  online marketplace  platforms  such  as  Amazon.com,  ebay.com, Walmart.com,  etsy.com,  CVNCCrystal.com,  Aliexpress.us,  or

5

Alibaba.com (collectively, the "**Third Party Providers**"), shall, within five (5) business days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

(a)   the identities and locations of Defendants listed on Schedule A attached hereto, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

(b)   the identities of and all contact information, including any email addresses related to Defendants listed on Schedule A and any entities having any ownership or control over the Amazon.com marketplace stores operated by said Defendants;

(c)   the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces;

6

(d)   any   Amazon.com,   ebay.com,   Walmart.com,   etsy.com, CVNCCrystal.com,   Aliexpress.us,   or   Alibaba.com marketplace accounts owned, operated, or controlled by said Defendants and their officers, affiliates, agents, and/or employees; and any Amazon.com, ebay.com, Walmart.com, etsy.com, CVNCCrystal.com, Aliexpress.us, Alibaba.com or any other marketplace accounts owned, operated, or controlled by said Defendants and their officers, affiliates, agents, and/or employees.

(e)   records of the sales of Defendants' Infringing Products, as identified by their respective ASINs in the Exhibit B of the Complaint, or Seller aliases as set forth in Schedule A, and

(f)   any   financial   accounts   owned   or   controlled   by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert   or   participation   with   them,   including   such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other   financial   institutions,   including,   without limitation, PayPal, Alipay, Wish.com, Alibaba, Ant Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors,

and credit card associations (e.g., MasterCard and VISA).

(5) Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 5, shall within five (5) business days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiff patent.

(6) Any entities with actual notice of this order, including any banks, credit card companies, or payment processing companies including but not limited to PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within three (3) business days of receipt of this Order:

   (a) locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, and any e-mail addresses provided for Defendants by third parties; and

   (b) restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court, including allowing the transfer of any accounts and/or funds internationally.

8

(7)   Pursuant to Fed.R.Civ.P. 4(f)(3), as sufficient cause has been shown, that service of this Order and the Summons and Complaint may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

(a)   Delivery of: (i) PDF copies of this Order together with the Summons and Complaint; (ii) a link to a website where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff Application (the "Link") to Defendants' e-mail addresses as provided by the Financial Institutions and/or Marketplace Platforms,

(b)   Requesting that the Financial Institutions cause Defendants' online marketplace website(s) to redirect to the Link.

(c)   The Clerk of the Court is directed to issue a single original summons in the name of "The Partnerships and Unincorporated Associations on Schedule "A" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from any online marketplaces or payment processors shall constitute notice reasonably calculated under all circumstances to

appraise Defendants of the pendency of this action and afford them the opportunity to present their objections.

(8)   Plaintiff must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

(9)   Amazon.com, ebay.com, Walmart.com, etsy.com, CVNCCrystal.com, Alibaba.com, and their related companies and affiliates shall, within three (3) business days of receipt of this Order, identify and restrain all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the Amazon accounts related to each respective Defendant as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other Amazon.com, ebay.com, Walmart.com, etsy.com, CVNCCrystal.com, Aliexpress.us, or Alibaba.com accounts subject to this Order; and (iii) any other Amazon.com, ebay.com, Walmart.com, etsy.com, CVNCCrystal.com, Aliexpress.us, or Alibaba.com accounts tied to or used by any of the sellers identified on Schedule "A" hereto. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners until after those accounts are restrained. No funds

restrained by this Order shall be transferred or surrendered by Amazon.com, ebay.com, Walmart.com, etsy.com, CVNCCrystal.com, Aliexpress.us, or Alibaba.com for any purpose (other than pursuant to a chargeback made pursuant to Amazon.com, ebay.com, Walmart.com, etsy.com, CVNCCrystal.com, Aliexpress.us, or Alibaba.com's security interest in the funds) without the express authorization of this Court or at the direction of Plaintiff with written authorization from the affected Defendant.

(10) Schedule A (Doc. # 15-2) and Exhibit B (Doc. # 15-3) shall remain sealed until further order by this Court or until the Order expires, whichever occurs earlier.

(11) Within five (5) calendar days of entry of this Order, Plaintiff shall deposit with the Court $25,000.00, either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

(12) Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Middle District of Florida Local Rules. Any third party impacted by this Order may move for appropriate relief.

11

(13) This Temporary Restraining Order without notice is entered at 5:12 P.M. on this 15th day of December 2023 and shall remain in effect for fourteen (14) calendar days. Any motion to extend this Order must be filed by December 28, 2023.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

12