**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

XIANFENG WANG,

     Plaintiff,

v.                            Case No: 8:23-cv-2787-VMC-AAS

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

     Defendants.

_____/

## <u>NON-PARTY EBAY INC.'S MOTION FOR RELIEF FROM, OR TO MODIFY, THE BLANKET ASSET FREEZE MANDATED BY THE TEMPORARY RESTRAINING ORDER AND INCORPORATED MEMORANDUM OF LAW</u>

Non-party eBay Inc. ("eBay"), pursuant to paragraph twelve of the Temporary Restraining Order entered on December 15, 2023, extended on December 28, 2023, and that expired on January 11, 2024 ("TRO") (ECF 21) and the Federal Rules of Civil Procedure, respectfully requests that the Court modify the TRO as detailed herein.

## <u>INTRODUCTION</u>

On December 15, 2023, Plaintiff obtained an *ex parte* TRO that threatens to shut down several small businesses that are using eBay's services. The TRO also imposes burdensome legal obligations on third parties like eBay. In total, there are

numerous sellers and several third-parties restrained by the TRO. Seven of the affected businesses are merchants who operate on eBay's Online Marketplace ("eBay Sellers")[1].

At the outset, eBay wishes to emphasize that it does not want infringing items on its platform and works hard to help rights holders combat such activity. eBay has expended significant resources on its Verified Rights Owner Program ("VeRO"), a system that courts have described as a "robust" tool to help rights holders get offending listings removed. *See, e.g., Rosen v. eBay, Inc.*, 2015 WL 1600081, at *9 (C.D. Cal. Jan. 16, 2015) (granting summary judgment in eBay's favor after noting "other courts' recognition of eBay's robust implementation of its notice and takedown procedures"). And eBay regularly complies with restraining orders like the one entered in this case and cooperates in good faith with plaintiffs. Indeed, eBay removed all of the accused listings from the eBay Sellers' accounts. eBay also froze at least one of the accounts at issue where Plaintiff's claims appeared even marginally colorable given the information available to eBay.

Occasionally, however, eBay receives an order where it appears that there are significant issues with (1) the listings accused, (2) the apparent validity of the intellectual property, and (3) the apparent nationality of the sellers. All of these

---

[1]  The eBay Sellers include quartzproductsfactory, idlleyun, trayaya007, east_coast_scientific_store, jennbran-10, ageuk, and stopbuy2021.

deficiencies are present in the instant case. As such, eBay files the instant Motion to bring these matters and eBay's non-compliance with the TRO to the Court's attention. If, after the Court considers the information below, it affirms the order directing eBay to freeze all accused seller accounts, eBay stands ready to fully comply.

Under these circumstances, however, a blanket asset freeze of the eBay Sellers' accounts, without notice and an opportunity to be heard, is unwarranted. eBay, in accordance with paragraph twelve of the TRO, respectfully requests that the Court modify the blanket asset freeze contained in the TRO and release eBay (and thus the eBay Sellers) from the asset-freeze mandates of the TRO.

## <u>MEMORANDUM OF LAW</u>

### A. *eBay has the right to seek the relief sought herein.*

It is "part of our deep-rooted historic tradition that everyone should have his own day in court." *Martin v. Wilks*, 490 U.S. 755, 761–62 (1989). Federal Rule of Civil Procedure 65(d)(2)(C) authorizes a federal court to issue a TRO that binds non-parties who are "in active concert or participation" with a party or its "officers, agents, servants, employees, and attorneys." But Rule 65(d)(2)(C) does not suspend the fundamental requirement that any person bound by a court order has the right to his own day in court, with the opportunity to contest the validity of the order. *G. & C. Merriam Co. v. Webster Dictionary Co., Inc.*, 639 F.2d 29, 37 (1st Cir. 1980)

("The central reason that one who is not a party to the action in which the injunction was issued cannot be bound by it is that he has not had his day in court with respect to the validity of the injunction. Absent an opportunity to contest liability, his knowledge of the injunction is not sufficient to bind him as an individual."); *see also ADT LLC v. Sec. Networks, LLC,* 12-81120-CIV, 2016 WL 8943163, at *3 (S.D. Fla. June 8, 2016), *report and recommendation adopted*, 12-81120-CIV, 2016 WL 8929286 (S.D. Fla. July 6, 2016), *vacated sub nom. ADT LLC v. NorthStar Alarm Services, LLC*, 853 F.3d 1348 (11th Cir. 2017); *Lake Shore Asset Management Ltd. v. Commodity Future Trading Commission*, 511 F.3d 762, 767 (7th Cir. 2007) (holding that the threshold question "whether a particular person or firm is among the 'parties' officers, agents, servants, employees, and attorneys; [or] other persons in active concert or participation with' them (see Fed. R. Civ. P. 65(d)(2)(B), (C)) is a decision that may be made only after the person in question is given notice and an opportunity to be heard.").

Under these fundamental rules, eBay has the right to appear in Court to present argument as to the validity of the TRO, including arguments that the TRO will cause irreparable harm to eBay and should be modified.

**B.** ***eBay and the eBay Sellers will suffer irreparable harm if the TRO is not modified.***

A court issuing a TRO "must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted" as well as "the public

interest (non-parties) in denying or granting the injunction." *Ty, Inc. v. The Jones Grp.*, 237 F.3d 891, 895 (7th Cir. 2001). If not modified, the blanket asset freeze required by the TRO will cause irreparable injury to eBay and to the eBay Sellers. This is not outweighed by the potential harm to Plaintiff—who has already succeeded in restraining the eBay Sellers from selling any infringing product and from getting the listings at issue removed from eBay's platform.

The TRO requires eBay to "restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court, including allowing the transfer of any accounts and/or funds internationally." *See* TRO, ¶ 6 (b). The TRO also requires eBay to "identify and restrain all funds". *See* TRO, ¶ 9. In other words, the TRO requires eBay to freeze the eBay Sellers' accounts and thereby potentially shut down their businesses. While these restrictions are in effect, the eBay Sellers may be unable to order inventory, process refunds, ship orders, or make investments in their businesses.

It is well-established that damage to the competitive position of a business, including loss of market share, is an irreparable harm. *See, e.g., Canon Comput. Sys. v. Nu-Kote Intern., Inc.*, 134 F.3d 1085, 1090 (Fed. Cir. 1998) (upholding finding that "potential loss of market share" is an irreparable harm). So is loss of goodwill and damage to customer relationships. *Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012) (recognizing that "loss of goodwill, damage to

reputation, and loss of business opportunities are all valid grounds for finding irreparable harm"). And courts have recognized specifically that freezing all funds in accounts maintained by an accused infringer who also sells non-infringing products is a disproportionate burden. *E-Link Tech. Co., Ltd. v. Shenzhen Uni-Sun Elecs. Co., Ltd*., 20 C 00247, 2020 WL 8079816, at *3 (N.D. Ill. May 14, 2020) ("restraining all funds received by the Amazon accounts, in light of the relatively small proportion due to the allegedly infringing sales, is disproportionately onerous").

Here, the TRO, which threatens to shut down the eBay Sellers' businesses, risks causing irreparable harm to eBay as well. The eBay Sellers may blame eBay for freezing their accounts, and the terms of the TRO prohibit eBay from providing prior notification to the eBay Sellers. This may damage eBay's relationship with these businesses. The account freezes may also lead the eBay Sellers to believe that eBay's platform is not a reliable place to do business and seek other partners instead. The loss of sellers—whether because businesses are forced to close their doors or because businesses conclude that the risk of an abrupt account freeze with no process means that eBay's platform is not a desirable place to do business—makes eBay's marketplace a less attractive place for customers to shop. For these reasons, the TRO should be modified to remove the blanket asset freeze on the eBay Sellers' accounts.

**C.** ***The TRO should be modified because a blanket asset freeze without notice and an opportunity to be heard is not warranted due to the eBay Sellers' minimal sales.***

While the law in the Eleventh Circuit on the propriety of blanket asset freezes is unsettled, under these circumstances it is unwarranted. *See Acushnet Co. v. 168GOLFSHOP*, No. 16-61537-CIV, 2016 WL 8677192, at *6 (S.D. Fla. Sept. 8, 2016) ("[T]he law is unsettled as to whether a court may freeze all of a defendant's assets or only those traced to the illegal activity."). Indeed, "[o]rdinarily, the general federal rule of equity is that a court may not reach a defendant's assets unrelated to the underlying litigation and freeze them so that they may be preserved to satisfy a potential money judgment." *See Mitsubishi Int'l Corporation v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1521 (11th Cir. 1994) (reversing asset freeze); *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1526 (11th Cir. 1994) (same).

Here, effectively shutting down the eBay Sellers' businesses without notice or an opportunity to be heard is wholly inequitable and unwarranted. The eBay Sellers have had minimal sales of the products at issue. The following chart reflects the eBay Sellers' location and their sale of accused products, all of which are trapezoidal "singing pyramid" musical instruments with carrying cases (or in a few instances cases only for such instruments), including where the product was shipped. *See* Exhibit A, Declaration of Niccolas Conlin ("Conlin Decl."), ¶¶ 4-6.

| ageuk | London, UK | One sale of an accused product, "Crystal Singing Pyramid 5 Inch Green Singing Pyramid Meditation Yoga Wellbeing" sold in the UK |
|---|---|---|
| east_coast_ scientific_s tore | Cary, NC<br><br>Yantra Lab & Scientific Store LLC - Registered with N.C. Secretary of State | One sale of an accused product, "10 inch Green Crystal Singing Triangle Pyramid with Padded Secure Case,Striker" sold in Oregon |
| Stopbuy20 21 | Israel | No sales of the accused product, "TOPFUND Artificial Leather Carrying Case for Crystal Singing Pyramid 12 inch" |
| quartzprod uctsfactory | Jinzhou City, China | 55 sales of accused products, including three into , M.D. FLA: "7" Quartz Crystal Singing Pyramid Bowl- Perfect Healing Musical Instrument," "8 Inch Quartz Clear Crystal Singing Pyramid Bowl With Traveling Carry Bag Case," and "CVNC 9" Singing Quartz Crystal Pyramid- Perfect Healing Musical Instrument +Bag" |
| idlleyun | Dalian City, China | 20 sales of accused products, including one into M.D. FLA, "CVNC 6 Inch Quartz Clear Crystal Singing Pyramid Bowl Traveling Carry Bag Case" |
| jennbran- 10 | Biloxi, MS | One sale of accused product, "10" Solshine Crystal Singing Pyramid w/Nylon Carrying Case ," sold in M.D. FLA |
| trayaya007 | Jinzhou, China | One sale of an accused product, "Clear Crystal Singing Pyramid 8 Inch with Carrying Case Sound Healing," sold in Australia |

The Court should allow these businesses—which also sell products not at issue—to continue to operate. Indeed, five of the eBay Sellers have sold none or just

one unit of the accused product. And, as stated above, all of the listings of the accused products have been removed from the eBay Sellers' accounts.

Additionally, the eBay Sellers run legitimate businesses selling more than just the allegedly infringing product. Collectively, they have listed hundreds of thousands of items on eBay marketplaces around the world.  Conlin Decl., ¶ 8. Since registering their account in 2013, Defendant ageuk has created more than 40,000 eBay listings and currently has more than a thousand listings on eBay sites.  *Id*. Since registering in 2014, Defendant east_coast_scientific_store has created more than 1,800 eBay listings and has currently has more than 600 listings active. *Id*. Since registering in 2017, defendant stopbuy has created more than 284,000 eBay listings and currently has approximately 275 active. *Id*.  Since registering in 2017, Defendant quartzproductsfactory has created nearly 4,000 eBay listings and has more than 600 active. *Id*. Since registering in 2018, Defendant idlleyun has created more than 2,300 eBay listings  and has more than 500 active. *Id*. Since registering last year, Defendant jennbran-10 has created more than 300 listings and has approximately 100 active. *Id*.  Finally, since registering last year, Defendant trayaya007 has created more than 500 eBay listings and has more than 200 active. *Id*. Freezing the entire financial accounts of these eBay Sellers is not warranted under the circumstances.

Moreover, according to Federal Rule of Civil Procedure 65(b), a temporary restraining order may issue only if: "(A) specific facts in an affidavit or a verified

complaint show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." *Day v. Johnston*, 510 F. Supp. 3d 1296, 1299 (S.D. Fla. 2020). Here, Plaintiff's counsel failed to provide adequate reasoning for why notice to the eBay Sellers should not be required—instead lumping one United States business and one private citizen in with the foreign sellers. Contrary to the statements made in the declaration supporting entry of the TRO, research and due diligence would have shown that two of the seven eBay Sellers are located within the United States.

It is illogical to conclude that these sellers, who have identifiable physical addresses inside the United States, are flight risks. The available facts certainly do not clearly show it. Based on these facts—as opposed to Plaintiff's conclusory allegations that each seller is a foreign operator—there is no basis to believe, much less a clear showing, that these sellers will vanish if given notice of this action and the opportunity to defend themselves. And Plaintiff could have uncovered enough of these facts to cast doubt on its allegations of irreparable harm had it done due diligence *before* asking for a TRO. Similarly, eBay could have provided Plaintiff with this information had it been notified of the action.

Because of the minimal sales on the part of the eBay Sellers, the fact that the eBay Sellers sell other non-infringing products on their storefronts, and that two of the eBay Sellers are located within the United States, the Court should modify and eliminate the wholesale asset freeze mandates of the TRO.

**D. *The TRO should be modified because the ex parte TRO violated eBay's due process rights.***

Notice and the opportunity to be heard are fundamental rights. *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) ("For more than a century the central meaning of procedural due process has been clear: Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.") (quotation marks omitted). For this reason, a person generally cannot be bound by an injunction if "he has not had his day in court *with respect to the validity of the injunction*." *G. & C. Merriam Co. v. Webster Dictionary Co., Inc.*, 639 F.2d 29, 37 (1st Cir. 1980) (emphasis in original).

The Federal Rules authorize a court to deprive eBay of these fundamental rights only in "extremely limited" circumstances. *American Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984). Federal Rule of Civil Procedure 65 provides that a court may issue an *ex parte* temporary restraining order if, and only if, the movant comes forward with "specific facts" that "clearly show" that "immediate and irreparable injury, loss, or damage will result" unless the injunction is issued without notice. Fed. R. Civ. P. 65(b)(1)(A).

Traditionally, courts have found that these demanding requirements are satisfied only in certain kinds of cases: "where notice to the adversary party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing" or in the "very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *American Can*, 742 F.2d at 322. "The stringent restrictions imposed by . . . Rule 65[] on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974).

Despite the clear status of the law, Plaintiff has not tried to show that providing prior notice of the TRO to eBay would have resulted in irreparable harm to Plaintiff. On the contrary, Plaintiff appears to have limited its argument to the contention that providing prior notice to *the Defendants* would have caused irreparable harm. But Plaintiff did not ask for a TRO that binds only the Defendants. Instead, Plaintiff asked for a TRO that also binds a large number of third parties, including eBay, and potentially exposes eBay to contempt proceedings if it does not comply. The fact that Plaintiff has not made any showing that it would have been irreparably harmed by advance notice to eBay, much less the "clear" showing

necessary to deprive eBay of its fundamental rights to notice and the opportunity to be heard, by itself requires modification of the TRO as to eBay.

**E.** ***The TRO should be modified because Plaintiff has not made the requisite showing of a likelihood of success on the merits***.

On the basis of *ex parte* untested allegations of design patent infringement, Plaintiff has obtained preliminary injunctive relief that does not merely enjoin the Defendants from continuing the allegedly infringing activity; it also threatens to effectively shut down the businesses of the Defendants as a whole, including a wide variety of business activity that cannot possibly infringe the Plaintiff's asserted patent. The Federal Rules recognize that limited *ex parte* relief is appropriate in some circumstances. But this drastic remedy risks creating very substantial pressure on the eBay Sellers to quickly settle the Plaintiff's allegations of patent infringement, independent of merit, simply so that the eBay Sellers may re-open their doors. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 396 (2006) (Kennedy, J., concurring) (cautioning that courts should be careful to prevent the threat of an injunction with consequences disproportionate to the accused infringing activity from being used "for undue leverage in negotiations").

Indeed, were the eBay Sellers given the opportunity to test the sufficiency of Plaintiff's allegations in a hearing, it is likely that the first thing to happen would be the dismissal of the complaint for failure to state a claim.

1) **<u>Plaintiff's Claims Fail because the Accused Listings are for Musical Instruments and their Cases, not Handbags.</u>**

First, the accused listings are for musical instruments and their associated cases, not handbags. Although Plaintiff's design patent claims "the ornamental design of a trapezoidal handbag," (ECF 1-2, United States Design Patent D907360); *see also* (ECF 18-1, ¶ 3) ("In my professional view as a former patent examiner and registered patent attorney. . . I believe the design under U.S. D907360 (**360) is applicable to the designs of Trapezoidal Handbag."), and although Plaintiff's filings exclusively refer to the accused infringing listings as "handbags," *see, e.g.,* (ECF 18-1 at ¶ 2) ("Defendant Internet Stores … are still selling infringing and knock-off Trapezoidal Handbag products); *see also, e.g.,* (ECF 19 at 2) ("Defendants create the Defendant Internet Stores with the intent to have them appear to be selling licensed Official 'Trapezoidal Handbag' Products … to unknowing consumers." ), **the allegedly infringing listings are in fact for pyramid-shaped musical percussion instruments and the cases designed to house them and their strikers**. Indeed, they are advertised under names like "8 Inch Quartz Clear Crystal Singing Pyramid Bowl With Traveling Carry Bag Case," "CVNC 9" Singing Quartz Crystal Pyramid- Perfect Healing Musical Instrument +Bag," and "Crystal Singing Pyramid

14

5 Inch Green Singing Pyramid Meditation Yoga Wellbeing" *See* Conlin Decl. ¶ 3-4.[2]

There is no mention by Plaintiff to the Court that the accused items are actually musical instruments with cases, instead referring to them only as "handbags" throughout its filings. (See, e.g., ECF 1, ECF 18, ECF 18-1, and ECF 19). Moreover, the photographs of the products provided to the Court by Plaintiff all appear to have been selected to omit or minimize showing the instruments that accompany the cases, which would have been a dead giveaway that the accused listings are not for handbags and would be unlikely to confuse an ordinary observer. (ECF 1, ECF 19). The following are examples of the differences in what Plaintiff presented to the Court and what the eBay Sellers' listings actually showed:

---

[2] eBay notes that three of the accused listings appear to advertise cases for "crystal singing pyramids," without including the instrument: Item ID 235052046094 "TOPFUND Artificial Leather Carrying Case for Crystal Singing Pyramid 12 inch" (listed by Defendant stopbuy 2021, no sales completed), Item ID 184877957626 "CVNC 8″ Quartz Crystal Singing Pyramid Portable Bag Travel Carry Case" (listed by quartzproductsfactory, one sale completed), and Item ID 266290805814 "Faux Leather Padded Secure Case for Crystal Singing Pyramid - Elegant Protection" (listed by east_coast_scientific_store, no sales completed).



| | |
|---|---|
| **Design of \*\*360 Patent** / **Defendant Copycat** / CVNC | CVNC® |
| Page 18 of the Complaint (ECF 1) | image from an accused listing for "CVNC 9" Singing Quartz Crystal Pyramid- Perfect Healing Musical Instrument +Bag" (Item ID 183339109848) |
| | |
| Page 19 of the Complaint (ECF 1) | image from an accused eBay listing for "10" Solshine Crystal Singing Pyramid w/Nylon Carrying Case." (Item ID 186087179436) |

*See* Conlin Decl., ¶ 7, Ex. 4 (full listings of the accused eBay listings, as they existed in eBay's systems on January 5, 2024).

## 2) **An Ordinary Observer Would Not Confuse the Accused Products with the Plaintiff's Handbag Design.**

Second, the sales listings at issue do not infringe on Plaintiff's design patent because each has at least three prominent features that differentiate them from the design patent. The ordinary observer test applies to design patent cases. Under that test "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Pride Family Brands, Inc. v. Carl's Patio, Inc.*, 992 F. Supp. 2d 1214, 1224 (S.D. Fla. 2014).

Presented in their proper context, as musical instrument cases, it is implausible that an ordinary observer would confuse the accused products with the Plaintiff's handbag design—the purchaser would understand they are buying a musical instrument and its case, not a purse. For example, the eBay Sellers' products at issue include a separate compartment on one side of the case (intended to house a striker for the instrument), or has a handle on the base or top of the case (as opposed to on one side of the handbag, as in the patent at issue), or has a prominent Velcro clasp not present in the design patent.

To conclude that the musical instrument cases infringe on Plaintiff's handbag design patent would "improperly broaden the scope" of the design patent. *Lanard Toys Ltd. v. Toys "R" Us-Delaware, Inc.*, 3:15-CV-849-J-34PDB, 2019 WL

1304290, at *17 (M.D. Fla. Mar. 21, 2019), *aff'd sub nom. Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337 (Fed. Cir. 2020). To the extent Plaintiff will argue that its design patent covers musical instrument cases, the design patent would be invalid. *See, e.g., Hupp v. Siroflex of Am., Inc.*, 122 F.3d 1456, 1460 (Fed. Cir. 1997) ("A design or shape that is entirely functional, without ornamental or decorative aspect, does not meet the statutory criteria of a design patent."). Indeed, the shape of the musical instrument case is purely functional so as to house a trapezoidal instrument. *Best Lock Corp. v. Ilco Unican Corp.*, 94 F.3d 1563, 1565 (Fed. Cir. 1996) (design patent was invalid because the shape of the blank key blade was dictated by its function).

### 3) <u>**The Design Patent is Invalid as Anticipated**</u>.

Finally, some of the accused listings were created in 2017—two years before the application was filed for the design patent at issue. *See* Conlin Decl., ¶ 6, Ex. 3. If Plaintiff is correct that these accused products infringe its patent and if it is true that these products were offered for sale before Plaintiff applied for its patent, Plaintiff must explain its belief that the accused products are "knock-offs" and that its patent is not invalid as anticipated. *Bristol-Myers Squibb Co. v. Ben Venue Laboratories, Inc*., 246 F.3d 1368, (Fed Cir. 2001) ("it is axiomatic that that which would literally infringe if later anticipates if earlier").

Indeed, "a person is not entitled to a patent if 'the claimed invention was patented, described in a printed publication, or in public use, on sale or otherwise available to the public before the effective filing date of the claimed invention.'" *Gramercy Holdings LLC v. Borozan*, 8:21-CV-0932-KKM-AAS, 2021 WL 5234855, at *3 (M.D. Fla. Nov. 10, 2021). "In other words, a patent must be novel." *Id*. "If a prior product contains all the essential elements of the patented product, the patent is said to be invalid by anticipation." *Id*. Plaintiff cannot have it both ways—either the accused listings do not infringe on its design patent or its design patent is invalid by anticipation.

### 4) Additional Issues with the Merits of Plaintiff's Claims as to Specific eBay Sellers.

With respect to "east_coast_scientific_store" and "jennbran-10," all of the data available to eBay indicates that these sellers are a North Carolina Limited Liability Company and a private citizen residing in Mississippi, respectively. *See* Conlin Decl., ¶¶ 3-5, Exs. 1, 2. To the extent that an asset freeze is predicated on Plaintiff's allegations that these Defendants are foreign, are judgment proof, or are liable to evade judgment, eBay requests that the Court reconsider in light of additional evidence.

Additionally, the complaint presents venue concerns regarding "east_coast_scientific_store." Contrary to Plaintiff's allegations, the facts uncovered by eBay's investigation indicate that "east_coast_scientific_store" is registered as a

limited liability company in North Carolina and has made no sales into Florida. Venue in a patent case as to a domestic corporation or person is governed by the patent venue statute, which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). These venue rules strictly limit where a patent case may be brought and were specifically intended "to eliminate the 'abuses engendered' by previous venue provisions allowing such suits to be brought in any district in which the defendant could be served." *In re Cray*, 871 F.3d 1355, 1361 (Fed. Cir. 2017) (citation omitted). Plaintiff should not be permitted to short-circuit the important protections provided by the patent statute.

Based on the issues with the merits of Plaintiff's claims, the Court should modify the TRO and release eBay from additional obligation thereunder.

**F.  *Conclusion.***

eBay, in accordance with paragraph twelve of the TRO, respectfully requests that the Court modify the blanket asset freeze contained in the TRO, including paragraph 6 (b) and paragraph 9 of the TRO, and requests that the TRO be modified as to the eBay Sellers and eBay, requiring no further action on the part of eBay, until the eBay Sellers are given notice and an opportunity to be heard.

### Local Rule 3.01(g) Certification

The undersigned counsel for eBay certifies that she conferred with counsel for Plaintiff via telephone conference on January 16, 2024, and that co-counsel, Nicole Rankin, conferred with counsel for Plaintiff via telephone conference on January 25, 2024, and that Plaintiff opposes modifying the TRO to completely remove any asset freeze for the eBay Sellers.

WHEREFORE, non-party eBay Inc., respectfully requests that the Court enter an order modifying the TRO as detailed herein and for such other relief as the Court deems just.

Dated: January 26, 2024.

*/s/ Judith M. Mercier*
Judith M. Mercier (FL Bar No. 032727)
Primary Email: judith.mercier@hklaw.com
Nicole B. Rankin (FL Bar No. 0125356)
Primary Email: nicole.rankin@hklaw.com
HOLLAND & KNIGHT LLP
200 South Orange Avenue, Suite 2600
Orlando, FL  32801
Phone: (407) 425-8500
Fax: (407) 244-5288
Secondary Email:
michelle.richards@hklaw.com

*Counsel for eBay Inc.*