UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

XIANFENG WANG,

    Plaintiff,

v.                                      Case No: 8:23-cv-2787-VMC-AAS

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

    Defendants.
_____/

## NON-PARTY EBAY INC.'S RESPONSE IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND INCORPORATED MEMORANDUM OF LAW

Non-party eBay Inc. ("eBay") responds in opposition to Plaintiff's Motion for Entry of Preliminary Injunction as to Defendants in Schedule A (ECF 35) and Memorandum in Support (ECF 36) (collectively, the "Motion") and respectfully requests that the Court deny the Motion as to eBay and the eBay Sellers.

## INTRODUCTION

On December 15, 2023, Plaintiff obtained an *ex parte* TRO that threatened to shut down several small businesses that are using eBay's services. The TRO also imposed burdensome legal obligations on third parties like eBay. In total, there are numerous sellers and several third-parties that were restrained by the TRO. Seven of the Defendants/affected businesses are merchants who operate on eBay's Online

Marketplace ("eBay Sellers")[1]. Now that the TRO expired, Plaintiff asks the Court to enter a preliminary injunction that mirrors the TRO.

At the outset, eBay wishes to emphasize that it does not want infringing items on its platform and works hard to help rights holders combat such activity. eBay has expended significant resources on its Verified Rights Owner Program ("VeRO"), a system that courts have described as a "robust" tool to help rights holders get offending listings removed. *See, e.g., Rosen v. eBay, Inc.*, 2015 WL 1600081, at *9 (C.D. Cal. Jan. 16, 2015) (granting summary judgment in eBay's favor after noting "other courts' recognition of eBay's robust implementation of its notice and takedown procedures"). And eBay regularly complies with restraining orders like the one entered in this case and cooperates in good faith with plaintiffs.

Occasionally in cases like this, however, there are significant issues with (1) the listings accused, (2) the apparent validity of the intellectual property, and (3) the apparent nationality of the sellers. All of these deficiencies are present in the instant case. As such, eBay requests that the Court deny the Motion as to eBay and the eBay Sellers. Indeed, a blanket asset freeze of the eBay Sellers' accounts is unwarranted and unjust under the circumstances.

---

[1] The eBay Sellers include quartzproductsfactory, idlleyun, trayaya007, east_coast_scientific_store, jennbran-10, ageuk, and stopbuy2021.

## MEMORANDUM OF LAW

**A. *eBay has the right to seek the relief sought herein.***

It is "part of our deep-rooted historic tradition that everyone should have his own day in court." *Martin v. Wilks*, 490 U.S. 755, 761–62 (1989). The law contains a fundamental requirement that any person bound by a court order has the right to his own day in court, with the opportunity to contest the validity of the order. *G. & C. Merriam Co. v. Webster Dictionary Co., Inc.*, 639 F.2d 29, 37 (1st Cir. 1980) ("The central reason that one who is not a party to the action in which the injunction was issued cannot be bound by it is that he has not had his day in court with respect to the validity of the injunction. Absent an opportunity to contest liability, his knowledge of the injunction is not sufficient to bind him as an individual."); *see also ADT LLC v. Sec. Networks, LLC,* 12-81120-CIV, 2016 WL 8943163, at *3 (S.D. Fla. June 8, 2016), *report and recommendation adopted*, 12-81120-CIV, 2016 WL 8929286 (S.D. Fla. July 6, 2016), *vacated sub nom. ADT LLC v. NorthStar Alarm Services, LLC*, 853 F.3d 1348 (11th Cir. 2017); *Lake Shore Asset Management Ltd. v. Commodity Future Trading Commission*, 511 F.3d 762, 767 (7th Cir. 2007) (holding that the threshold question "whether a particular person or firm is among the 'parties' officers, agents, servants, employees, and attorneys; [or] other persons in active concert or participation with' them (see Fed. R. Civ. P. 65(d)(2)(B), (C)) is

a decision that may be made only after the person in question is given notice and an opportunity to be heard.").

Plaintiff did not provide eBay with notice of the instant Motion. Rather, eBay became aware after a review of the docket. Regardless, eBay has the right to appear in Court to present argument as to the appropriateness of the requested injunction due to its intended restraint on eBay, including arguments that the injunction will cause irreparable harm to eBay and should not be entered.

**B.** *eBay and the eBay Sellers will suffer irreparable harm if the requested injunction is entered.*

A court issuing an injunction "must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted" as well as "the public interest (non-parties) in denying or granting the injunction." *Ty, Inc. v. The Jones Grp.*, 237 F.3d 891, 895 (7th Cir. 2001). If entered, the blanket asset freeze requested in the Motion will cause irreparable injury to eBay and to the eBay Sellers. This is not outweighed by the potential harm to Plaintiff—who has already succeeded in restraining the eBay Sellers from selling any infringing product and from getting the listings at issue removed from eBay's platform.

The Motion requests an injunction "substantially identical to the [] TRO" which required eBay to "restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court, including allowing the transfer of any accounts and/or funds

4

internationally." *See* TRO, ¶ 6 (b). The TRO also required eBay to "identify and restrain all funds". *See* TRO, ¶ 9. In other words, the TRO required eBay to freeze the eBay Sellers' accounts and thereby potentially shut down their businesses. Now, Plaintiff seeks an injunction that accomplishes the same asset freeze. If the Court grants the Motion and enters a preliminary injunction identical to the TRO, the eBay Sellers may be unable to order inventory, process refunds, ship orders, or make investments in their businesses.

It is well-established that damage to the competitive position of a business, including loss of market share, is an irreparable harm. *See, e.g., Canon Comput. Sys. v. Nu-Kote Intern., Inc.*, 134 F.3d 1085, 1090 (Fed. Cir. 1998) (upholding finding that "potential loss of market share" is an irreparable harm). So is loss of goodwill and damage to customer relationships. *Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012) (recognizing that "loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm"). And courts have recognized specifically that freezing all funds in accounts maintained by an accused infringer who also sells non-infringing products is a disproportionate burden. *E-Link Tech. Co., Ltd. v. Shenzhen Uni-Sun Elecs. Co., Ltd.*, 20 C 00247, 2020 WL 8079816, at *3 (N.D. Ill. May 14, 2020) ("restraining all funds received by the Amazon accounts, in light of the relatively

5

small proportion due to the allegedly infringing sales, is disproportionately onerous").

Here, the proposed injunction, which threatens to shut down the eBay Sellers' businesses, risks causing irreparable harm to eBay as well. The eBay Sellers may blame eBay for freezing their accounts. This may damage eBay's relationship with these businesses. The account freezes may also lead the eBay Sellers to believe that eBay's platform is not a reliable place to do business and seek other partners instead. The loss of sellers—whether because businesses are forced to close their doors or because businesses conclude that the risk of an abrupt account freeze with no process means that eBay's platform is not a desirable place to do business—makes eBay's marketplace a less attractive place for customers to shop. For these reasons, the Motion, particularly the request for a blanket asset freeze, should be denied as to eBay and the eBay Sellers.

C. ***The motion for preliminary injunction should be denied because a blanket asset freeze without notice and an opportunity to be heard is not warranted due to the eBay Sellers' minimal sales.***

While the law in the Eleventh Circuit on the propriety of blanket asset freezes is unsettled, under these circumstances it is unwarranted. *See Acushnet Co. v. 168GOLFSHOP*, No. 16-61537-CIV, 2016 WL 8677192, at *6 (S.D. Fla. Sept. 8, 2016) ("[T]he law is unsettled as to whether a court may freeze all of a defendant's assets or only those traced to the illegal activity."). Indeed, "[o]rdinarily, the general

federal rule of equity is that a court may not reach a defendant's assets unrelated to the underlying litigation and freeze them so that they may be preserved to satisfy a potential money judgment." *See Mitsubishi Int'l Corporation v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1521 (11th Cir. 1994) (reversing asset freeze); *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1526 (11th Cir. 1994) (same).

Here, effectively shutting down the eBay Sellers' businesses without notice or an opportunity to be heard is wholly inequitable and unwarranted. The eBay Sellers have had minimal sales of the products at issue. The following chart reflects the eBay Sellers' location and their sale of accused products, all of which are trapezoidal "singing pyramid" musical instruments with carrying cases (or in a few instances cases only for such instruments), including where the product was shipped. *See* Exhibit A, Declaration of Niccolas Conlin ("Conlin Decl."), ¶¶ 4-6.

| ageuk | London, UK | One sale of an accused product, "Crystal Singing Pyramid 5 Inch Green Singing Pyramid Meditation Yoga Wellbeing" sold in the UK |
|---|---|---|
| east_coast_scientific_store | Cary, NC<br><br>Yantra Lab & Scientific Store LLC - Registered with N.C. Secretary of State | One sale of an accused product, "10 inch Green Crystal Singing Triangle Pyramid with Padded Secure Case,Striker" sold in Oregon |
| Stopbuy2021 | Israel | No sales of the accused product, "TOPFUND Artificial Leather Carrying Case for Crystal Singing Pyramid 12 inch" |
| quartzproductsfactory | Jinzhou City, China | 55 sales of accused products, including three into , M.D. FLA: "7" Quartz Crystal |

7

| | | |
|---|---|---|
| | | Singing Pyramid Bowl- Perfect Healing Musical Instrument," "8 Inch Quartz Clear Crystal Singing Pyramid Bowl With Traveling Carry Bag Case," and "CVNC 9" Singing Quartz Crystal Pyramid- Perfect Healing Musical Instrument +Bag" |
| idlleyun | Dalian City, China | 20 sales of accused products, including one into M.D. FLA, "CVNC 6 Inch Quartz Clear Crystal Singing Pyramid Bowl Traveling Carry Bag Case" |
| jennbran-10 | Biloxi, MS | One sale of accused product, "10" Solshine Crystal Singing Pyramid w/Nylon Carrying Case ," sold in M.D. FLA |
| trayaya007 | Jinzhou, China | One sale of an accused product, "Clear Crystal Singing Pyramid 8 Inch with Carrying Case Sound Healing," sold in Australia |

The Court should allow these businesses—which also sell products not at issue—to continue to operate. Indeed, five of the eBay Sellers have sold none or just one unit of the accused product. And, as stated above, all of the listings of the accused products have been removed from the eBay Sellers' accounts.

Additionally, the eBay Sellers run legitimate businesses selling more than just the allegedly infringing product. Collectively, they have listed hundreds of thousands of items on eBay marketplaces around the world. Conlin Decl., ¶ 8. Since registering their account in 2013, Defendant ageuk has created more than 40,000 eBay listings and currently has more than a thousand listings on eBay sites. *Id*. Since registering in 2014, Defendant east_coast_scientific_store has created more than 1,800 eBay listings and has currently has more than 600 listings active. *Id*. Since

8

registering in 2017, defendant stopbuy has created more than 284,000 eBay listings and currently has approximately 275 active. *Id*. Since registering in 2017, Defendant quartzproductsfactory has created nearly 4,000 eBay listings and has more than 600 active. *Id*. Since registering in 2018, Defendant idlleyun has created more than 2,300 eBay listings and has more than 500 active. *Id*. Since registering last year, Defendant jennbran-10 has created more than 300 listings and has approximately 100 active. *Id*. Finally, since registering last year, Defendant trayaya007 has created more than 500 eBay listings and has more than 200 active. *Id*. Freezing the *entire* financial accounts of these eBay Sellers is not warranted under the circumstances.

 Moreover, according to Federal Rule of Civil Procedure 65(a), the court may only issue a preliminary injunction upon notice to the Defendants. Additionally, the TRO required Plaintiff to serve the Defendants with notice of the request for a preliminary injunction. (ECF 21, p. 10). There is no evidence that Plaintiff served the eBay Sellers with notice of this lawsuit *or* the instant Motion. Indeed, the website link that Plaintiff sent to eBay with all of the case documents, as required by the TRO, was invalid. Moreover, the TRO required Plaintiff to serve Defendants by e-mailing them "a link to a website where each Defendant will be able to download PDF copies. . ." of the case documents (ECF 21). Plaintiff filed his Proof of Service "Executed on December 18, 2023", as to all Defendants averring that the Defendants were served via e-mail *before* he received the eBay Sellers' e-mail addresses from

9

eBay. (ECF 34). Even if the website link was not invalid, Plaintiff could not have served the eBay Sellers when he claims he did and there has been no additional proof of service regarding the eBay Sellers.

Because of the minimal sales on the part of the eBay Sellers, the fact that the eBay Sellers sell other non-infringing products on their storefronts, and that the eBay Sellers have not been notified of this action or the request for a preliminary injunction as required by the federal rules and the TRO, the Court should deny the Motion, particularly the requested asset freeze, as to eBay and the eBay Sellers.

**D.** *The motion for preliminary injunction should be denied because Plaintiff has not shown irreparable harm.*

In the Eleventh Circuit, "[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1988); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) ("Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and plaintiff must clearly carry the burden of persuasion").

Preliminary injunctive relief should be used sparingly and only in cases where the need for extraordinary equitable relief is clear and urgent. *Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd.*, 357 F.3d 1319, 1324 (Fed. Cir. 2004); *Intel Corp. v. ULSI Sys. Technology*, 995 F.2d 1566, 1568 (Fed. Cir. 1993). "Because, irrespective of

10

relative or public harms, a movant must establish both a likelihood of success on the merits and irreparable harm . . . the district court may deny a preliminary injunction based on the movant's failure to establish either of these two crucial factors without making additional findings respecting the other factors." *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1556 (Fed. Cir. 1994) (declining to require a district court to articulate findings on the third and fourth factors when the court denies a preliminary injunction based on the failure to establish either of the two critical factors); *see also Amazon.com, Inc. v. BarnesandNoble.com*, 239 F.3d 1343, 1350 (Fed. Cir. 2001) ("[A] movant cannot be granted a preliminary injunction unless" it establishes both of the first two factors, i.e., likelihood of success on the merits and irreparable harm).

Indeed, preliminary injunctive relief is improper without a finding of likelihood of an actual and imminent irreparable injury. To satisfy this requirement a movant must show a significant threat of irreparable harm, and not merely rely on remote or speculative injuries. *Ruffin v. Great Dane Trailers*, 969 F.2d 989, 995 (11th Cir. 1992) (holding that an injunction is inappropriate if the possibility of future harm arising from the behavior plaintiff seeks to enjoin is purely speculative).

Here, Plaintiff's Motion barely mentions irreparable injury, instead referring to its Motion for TRO. In its Motion for TRO, Plaintiff asks the Court for a *presumption* of irreparable harm. The presumption of irreparable harm, however, is

11

disputed under the Supreme Court's decision in *Ebay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006). The presumption of irreparable harm is no longer "settled." *Hoop Culture v. Gap*, 648 Fed. App'x. 981, 984-986 (11th Cir. April 28, 2016) ("Here, Hoop Culture cannot rely solely on its likelihood of success on the merits, which we have assumed for purposes of this discussion, to establish a likelihood of irreparable harm. Hoop Culture must actually show based on the facts of this case that irreparable harm was "likely," not merely possible, in the absence of an injunction."); *Herb Reed Enterprises v. Fla. Entertainment Management*, 736 F.3d 1239, 1249-1251 (9th Cir. 2013) ("Gone are the days when "once the plaintiff" in an infringement action has established a likelihood of confusion, it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive relief does not issue."); *Help At Home, Inc. v. CAM Enterprises, LLC*, 2014 WL 12300316, no. 14-80255 (S.D. Fla. Aug. 8, 2014); *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1227 (11th Cir. 2008) (concluding that *eBay,* which addressed a permanent injunction in a case of patent infringement, also applied to a preliminary injunction in a case of trademark infringement).

Plaintiff's Motion for TRO (referred to in its Motion) relies solely on pre-*eBay* cases in seeking a presumption of irreparable harm. This is not sufficient to warrant the drastic remedy requested and the Motion should be denied.

> **E.** *The motion for preliminary injunction should be denied because Plaintiff has not shown a likelihood of success on the merits.*

On the basis of untested allegations of design patent infringement, Plaintiff obtained a TRO and now seeks additional preliminary injunctive relief that does not merely enjoin the Defendants from continuing the allegedly infringing activity; it also threatens to effectively shut down the businesses of the Defendants as a whole, including a wide variety of business activity that cannot possibly infringe the Plaintiff's asserted patent. This drastic remedy risks creating very substantial pressure on the eBay Sellers to quickly settle the Plaintiff's allegations of patent infringement, independent of merit, simply so that the eBay Sellers may re-open their doors. *See eBay Inc.*, 547 U.S. at 396 (Kennedy, J., concurring) (cautioning that courts should be careful to prevent the threat of an injunction with consequences disproportionate to the accused infringing activity from being used "for undue leverage in negotiations").

Indeed, were the eBay Sellers given the opportunity to test the sufficiency of Plaintiff's allegations in a hearing, it is likely that the first thing to happen would be the dismissal of the complaint for failure to state a claim.

### 1) <u>Plaintiff's Claims Fail because the Accused Listings are for Musical Instruments and their Cases, not Handbags.</u>

First, the accused listings are for musical instruments and their associated cases, not handbags. Although Plaintiff's design patent claims "the ornamental

design of a trapezoidal handbag," (ECF 1-2, United States Design Patent D907360); *see also* (ECF 18-1, ¶ 3) ("In my professional view as a former patent examiner and registered patent attorney. . . I believe the design under U.S. D907360 (**360) is applicable to the designs of Trapezoidal Handbag."), and although Plaintiff's filings exclusively refer to the accused infringing listings as "handbags," *see, e.g.,* (ECF 18-1 at ¶ 2) ("Defendant Internet Stores … are still selling infringing and knock-off Trapezoidal Handbag products); *see also, e.g.,* (ECF 19 at 2) ("Defendants create the Defendant Internet Stores with the intent to have them appear to be selling licensed Official 'Trapezoidal Handbag' Products … to unknowing consumers." ), **the allegedly infringing listings are in fact for pyramid-shaped musical percussion instruments and the cases designed to house them and their strikers**. Indeed, they are advertised under names like "8 Inch Quartz Clear Crystal Singing Pyramid Bowl With Traveling Carry Bag Case," "CVNC 9" Singing Quartz Crystal Pyramid- Perfect Healing Musical Instrument +Bag," and "Crystal Singing Pyramid 5 Inch Green Singing Pyramid Meditation Yoga Wellbeing" *See* Conlin Decl. ¶ 3-4.[2]

---

[2] eBay notes that three of the accused listings appear to advertise cases for "crystal singing pyramids," without including the instrument: Item ID 235052046094 "TOPFUND Artificial Leather Carrying Case for Crystal Singing Pyramid 12 inch" (listed by Defendant stopbuy 2021, no sales completed), Item ID 184877957626 "CVNC 8" Quartz Crystal Singing Pyramid Portable Bag Travel Carry Case" (listed by quartzproductsfactory, one sale completed), and Item ID 266290805814 "Faux Leather Padded Secure Case for Crystal Singing Pyramid - Elegant Protection" (listed by east_coast_scientific_store, no sales completed).

14

There is no mention by Plaintiff to the Court that the accused items are actually musical instruments with cases, instead referring to them only as "handbags" throughout its filings. (See, e.g., ECF 1, ECF 18, ECF 18-1, ECF 19, and ECF 36). Moreover, the photographs of the products provided to the Court by Plaintiff all appear to have been selected to omit or minimize showing the instruments that accompany the cases, which would have been a dead giveaway that the accused listings are not for handbags and would be unlikely to confuse an ordinary observer. (ECF 1, ECF 19). The following are examples of the differences in what Plaintiff presented to the Court and what the eBay Sellers' listings actually showed:



| Page 18 of the Complaint (ECF 1) | image from an accused listing for "CVNC 9" Singing Quartz Crystal Pyramid- Perfect Healing Musical Instrument +Bag" (Item ID 183339109848) |
|---|---|



| Page 19 of the Complaint (ECF 1) | image from an accused eBay listing for "10" Solshine Crystal Singing Pyramid w/Nylon Carrying Case." (Item ID 186087179436) |

*See* Conlin Decl., ¶ 7, Ex. 4 (full listings of the accused eBay listings, as they existed in eBay's systems on January 5, 2024).

### 2) An Ordinary Observer Would Not Confuse the Accused Products with the Plaintiff's Handbag Design.

Second, the sales listings at issue do not infringe on Plaintiff's design patent because each has at least three prominent features that differentiate them from the design patent. The ordinary observer test applies to design patent cases. Under that test "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Pride Family Brands, Inc. v. Carl's Patio, Inc.*, 992 F. Supp. 2d 1214, 1224 (S.D. Fla. 2014).

Presented in their proper context, as *musical instrument cases*, it is implausible that an ordinary observer would confuse the accused products with the Plaintiff's handbag design—the purchaser would understand they are buying a musical instrument and its case, not a purse. For example, the eBay Sellers' products at issue include a separate compartment on one side of the case (intended to house a striker for the musical instrument), or has a handle on the base or top of the case (as opposed to on one side of the handbag, as in the patent at issue), or has a prominent Velcro clasp not present in the design patent.

To conclude that the musical instrument cases infringe on Plaintiff's handbag design patent would "improperly broaden the scope" of the design patent. *Lanard Toys Ltd. v. Toys "R" Us-Delaware, Inc.*, 3:15-CV-849-J-34PDB, 2019 WL 1304290, at *17 (M.D. Fla. Mar. 21, 2019), *aff'd sub nom. Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337 (Fed. Cir. 2020). To the extent Plaintiff will argue that its design patent covers musical instrument cases, the design patent would be invalid. *See, e.g., Hupp v. Siroflex of Am., Inc.*, 122 F.3d 1456, 1460 (Fed. Cir. 1997) ("A design or shape that is entirely functional, without ornamental or decorative aspect, does not meet the statutory criteria of a design patent."). Indeed, the shape of the musical instrument case is purely functional so as to house a trapezoidal instrument. *Best Lock Corp. v. Ilco Unican Corp.*, 94 F.3d 1563, 1565 (Fed. Cir.

1996) (design patent was invalid because the shape of the blank key blade was dictated by its function).

### 3) The Design Patent is Invalid as Anticipated.

Finally, some of the accused listings were created in 2017—two years before the application was filed for the design patent at issue. *See* Conlin Decl., ¶ 6, Ex. 3. If Plaintiff is correct that these accused products infringe its patent and if it is true that these products were offered for sale before Plaintiff applied for its patent, Plaintiff must explain its belief that the accused products are "knock-offs" and that its patent is not invalid as anticipated. *Bristol-Myers Squibb Co. v. Ben Venue Laboratories, Inc.*, 246 F.3d 1368, (Fed Cir. 2001) ("it is axiomatic that that which would literally infringe if later anticipates if earlier").

Indeed, "a person is not entitled to a patent if 'the claimed invention was patented, described in a printed publication, or in public use, on sale or otherwise available to the public before the effective filing date of the claimed invention.'" *Gramercy Holdings LLC v. Borozan*, 8:21-CV-0932-KKM-AAS, 2021 WL 5234855, at *3 (M.D. Fla. Nov. 10, 2021). "In other words, a patent must be novel." *Id*. "If a prior product contains all the essential elements of the patented product, the patent is said to be invalid by anticipation." *Id*. Plaintiff cannot have it both ways—either the accused listings do not infringe on its design patent or its design patent is invalid by anticipation.

### 4) **Additional Issues with the Merits of Plaintiff's Claims as to Specific eBay Sellers.**

With respect to "east_coast_scientific_store" and "jennbran-10," all of the data available to eBay indicates that these sellers are a North Carolina Limited Liability Company and a private citizen residing in Mississippi, respectively. *See* Conlin Decl., ¶¶ 3-5, Exs. 1, 2. To the extent that an asset freeze is to be predicated on Plaintiff's allegations that these Defendants are foreign, are judgment proof, or are liable to evade judgment, eBay requests that the Court reconsider in light of the foregoing.

Additionally, the complaint presents venue concerns regarding "east_coast_scientific_store." Contrary to Plaintiff's allegations, the facts uncovered by eBay's investigation indicate that "east_coast_scientific_store" is registered as a limited liability company in North Carolina and has made no sales into Florida. Venue in a patent case as to a domestic corporation or person is governed by the patent venue statute, which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). These venue rules strictly limit where a patent case may be brought and were specifically intended "to eliminate the 'abuses engendered' by previous venue provisions allowing such suits to be brought in any district in which the defendant could be served." *In re Cray*, 871 F.3d 1355, 1361

(Fed. Cir. 2017) (citation omitted). Plaintiff should not be permitted to short-circuit the important protections provided by the patent statute.

Based on the issues with the merits of Plaintiff's claims, the Court should deny the Motion, particularly the requested asset freeze, as to eBay and the eBay Sellers.

### F. *Conclusion.*

eBay respectfully requests that the Court deny the Motion for Preliminary Injunction as to the eBay Sellers and eBay, requiring no further action on the part of eBay, until the eBay Sellers are given notice and an opportunity to be heard.

WHEREFORE, non-party eBay Inc., respectfully requests that the Court deny Plaintiff's Motion for Preliminary Injunction and for such other relief as the Court deems just.

Dated: February 1, 2024.

*s/ Nicole B. Rankin*
Judith M. Mercier (FL Bar No. 032727)
Primary Email: judith.mercier@hklaw.com
Nicole B. Rankin (FL Bar No. 0125356)
Primary Email: nicole.rankin@hklaw.com
HOLLAND & KNIGHT LLP
200 South Orange Avenue, Suite 2600
Orlando, FL  32801
Phone: (407) 425-8500
Fax: (407) 244-5288
Secondary Email:
michelle.richards@hklaw.com

*Counsel for eBay Inc.*