UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**XIANFENG WANG,**

    **Plaintiff,**

v.                            Case No.: 8:23-cv-2787-VMC-AAS

**THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Xianfeng Wang moves for a preliminary injunction against Defendants CVNC USA (seller ID A2MA26Z71UKQ3K) and SOLSHINE (seller ID AXQD4J7R9JR69) (collectively, the defendants).[1] (Docs. 35, 36). Defendants CVNC USA and SOLSHINE oppose the motion. (Doc. 45). Non-Party eBay Inc. (eBay) also opposes the motion.[2] (Doc. 46). Upon consideration

---

[1] Although Mr. Wang moves for a preliminary injunction against multiple defendants identified on "Schedule A" (Docs. 26, 26-1), only CVNC USA and SOLSHINE appeared in opposition to the motion.

[2] Nic Conlin, a litigation paralegal for eBay, testified that eBay rarely intervenes in actions such as these. (Doc. 86, p. 21:8–11). However, "[i]n this particular case, [eBay] had concern with some of the details that were provided in the notice [of the temporary restraining order entered in this action] compared to the items that we saw that were actually listed." (*Id.*, p. 21:12–14).

of the arguments and evidence presented at the hearings and the supplemental briefing (Docs. 87, 88, 89), it is **RECOMMENDED** that Mr. Wang's motion for preliminary injunction (Doc. 35) be **DENIED**.

**I.      BACKGROUND**

Mr. Wang sued the CVNC USA and SOLSHINE, among other sellers, alleging patent infringement relating to U.S. Patent No. D907,360 (the **360 Patent). (Doc. 1). Mr. Wang alleges the defendants are promoting, advertising, distributing, offering for sale, and selling infringing products of the **360 Patent—a "Trapezoidal Handbag" consisting of a unique trapezoidal design. (*See* Doc. 1-1).

Mr. Wang moved *ex parte* for entry of a temporary restraining order (TRO), including a temporary injunction, a temporary asset restraint, expedited discovery, and service of process by email or electronic publication. (Docs. 18. 19). The court granted Mr. Wang's motion for a TRO, which was to remain in effect for fourteen days with any request for extension filed by December 28, 2023. (Doc. 21). On December 27, 2023, Mr. Wang moved to extend the TRO. (Doc. 27). The court granted Mr. Wang's motion and extended the TRO to January 11, 2024. (Doc. 29).

On the date the TRO expired, Mr. Wang moved for a preliminary

2

injunction against the defendants identified in "Schedule A," mirroring the relief requested in his motion for a TRO. (Doc. 36). Essentially, Mr. Wang requests a blanket asset freeze against the defendants and any third party with notice of the order providing services for any defendant, or in connection with any defendant. (*See* Doc. 21, p. 5). Defendants CVNC USA and SOLSHINE and non-party eBay responded in opposition to Mr. Wang's motion for preliminary injunction. (Docs. 45, 46).

The undersigned held an evidentiary hearing on February 27, 2024 and March 18, 2024. (*See* Docs. 79, 86). At the evidentiary hearings, eBay presented the testimony of litigation paralegal Nic Conlin. (Doc. 67). The defendants presented the testimony of Jin Lv, owner of CVNC USA and SOLSHINE, and XiaoXia Cui, sales manager for CVNC USA and SOLSHINE. (Doc. 75). Mr. Wang called no witnesses. The parties and non-party eBay submitted supplemental briefing on May 14, 2025. (Docs. 87, 88, 89). The supplemental briefing addresses the evidence presented at the hearings and the issue of standing, as instructed by the undersigned. (*See* Doc. 74).

## II. ANALYSIS

### A. Standing

The defendants and eBay argue Mr. Wang lacks standing to assert

3

claims as a patent holder of the **360 Patent because he assigned his patent rights—including "the entire right, title and interest in said application and invention"—on September 28th, 2019 (the day the application was filed), to non-party Jinzhou Topfund Industry Co., Ltd. (Jinzhou). (*See* Doc. 88-1). Indeed, the **360 Patent identifies Jinzhou as the patent's assignee. (*See* Doc. 1-2). However, since moving for preliminary injunction, Mr. Wang moved to amend the complaint and add Jinzhou as a plaintiff. (*See* Doc. 82). The court granted Mr. Wang's motion, and Mr. Wang filed an amended complaint that includes Jinzhou as a plaintiff. (*See* Docs. 82, 92). Thus, the issue of standing is moot.

### B. Preliminary Injunction

"To receive a preliminary injunction, the plaintiff must clearly establish the following requirements: '(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest.'" *Keister v. Bell*, 879 F.3d 1282, 1287 (11th Cir. 2018) (quoting *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002)). None of the four requirements "has a fixed quantitative value. Rather, a sliding scale is utilized, which takes into account the intensity

4

of each in a given calculus." *State of Tex. v. Seatrain Int'l, S.A.*, 518 F.2d 175, 180 (5th Cir. 1975) (citing *Siff v. State Democratic Exec. Comm.*, 500 F.2d 1307 (5th Cir. 1974)).[3] A preliminary injunction is "an extraordinary and drastic remedy" not to be granted unless the movant "clearly establishes that he has satisfied all four requisites." *Jernard v. Comm'r, Georgia Dep't of Corr.*, No. 11-13647, 2012 WL 386290 (11th Cir. Feb. 8, 2012). "The grant or denial of a preliminary injunction is within the sound discretion of the district court[.]" *Palmer*, 287 F.3d at 1329.

### 1.  Likelihood of Success on the Merits

The first issue is whether Mr. Wang has shown a substantial likelihood of success on the merits. "A substantial likelihood of success on the merits requires a showing of only likely or probable, rather than certain, success." *Gonzalez v. Governor of Ga.*, 978 F.3d 1266, 1270–71 n.12 (11th Cir. 2020) (citing *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005)).

"Under 35 U.S.C. §102(b), a patent is invalid if the invention it claims was offered for sale or sold in the United States more than one year prior to

---

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

5

the filing date of the patent application." *In re Terazosin Hydrochloride Antitrust Litig.*, 352 F. Supp. 2d 1279, 1304 (S.D. Fla. 2005). The "on-sale bar" does not require sustained commercial activity, advertising or displays; a single sale or a single offer to sell is enough to trigger the statutory bar. *See In re Caveney*, 761 F.2d 671, 676 (Fed. Cir. 1985). In addition, the sale or offer of sale need not be made by the inventor or by the patent owner. *Id.* A sale or offer for sale by a third party is as effective a statutory bar to validity as a sale or offer by the inventor. *Id.*; *see also Mfg. Rsch. Corp. v. Graybar Elec. Co.*, 679 F.2d 1355, 1361–63 (11th Cir. 1982) (finding no infringement based on application of statutory on-sale bare because a third party offered for sale a tool that embodied the tool claimed in the patent fourteen months before the patent application was filed).

Mr. Wang filed for the \*\*360 Patent on September 28, 2019, making the critical date for the "on-sale bar" as September 28, 2018. (*See* Docs. 1-1, 82-1). At the evidentiary hearing, Ms. Cui testified the dates of the listing and the first sale of the alleged infringing product under ASIN B06WWB9SC7 were on February 23, 2017 and May 1, 2017, respectively. (Doc. 79, pp. 63:21–65:9, 70:19–72:16). In addition, Ms. Cui testified the dates of the listing and the first sale of the alleged infringing product under ASIN B06WW4RTFP were on

6

February 23, 2017 and February 28, 2017, respectively. (Doc. 79, pp. 65:18–66:14, 73:1–74:11). Mr. Lv further testified the alleged infringing product was listed on CVNC USA and SOLSHINE's Amazon store as early as 2016. (*See* Doc. 86, pp. 107:14–108:25; Doc. 45-1).

The evidence at the hearing raised a substantial question about the vulnerability and validity of the **360 Patent, and the likelihood of Mr. Wang's success on the merits of his infringement claims. *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1358–59 (Fed. Cir. 2001) ("Validity questions during preliminary injunction proceedings can be successful, that is, they may raise substantial questions of invalidity, on evidence that would not suffice to support a judgment of invalidity at trial . . . Vulnerability is the issue at the preliminary injunction stage, while validity is the issue at trial."); *see also Fusilamp, LLC v. Littelfuse, Inc.*, No. 10-20528-CIV, 2010 WL 3446913, at *3 (S.D. Fla. August 31, 2010) (stating an alleged infringer must only establish the existence of a substantial question about the invalidity of the patent to meet its burden in defending against a motion for preliminary injunctive relief, and this burden is merely to show "vulnerability" of the patent at the preliminary injunction stage – not to establish the patent's "invalidity."). Thus,

this factor weighs against entry of the requested preliminary injunction.[4]

### 2.   Irreparable Injury

Next, Mr. Wang must show he is likely to suffer irreparable harm absent preliminary relief. "A showing of irreparable injury is the sine qua non of injunctive relief." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quotation omitted). To merit a preliminary injunction, the plaintiff must show it will suffer, or face a substantial likelihood of suffering, irreparable injury if the injunction is not granted. *Id.* at 1176 n.9. The asserted injury "must be neither remote nor speculative, but actual and imminent." *Id.* (quotation omitted). An injury is irreparable if there is no adequate remedy at law to recover damages for the harm suffered. *Georgia v. President of the U.S.*, 46 F.4th 1283, 1302 (11th Cir. 2022) (citation omitted).

Mr. Wang argues the court should issue a preliminary injunction because of the difficulty of recovery in e-commerce cases. (*See* Doc. 86, pp. 81–82). However, economic harm alone rarely is considered irreparable unless the monetary loss is unrecoverable. *Georgia*, 46 F.4th at 1302 (citation omitted).

---

[4] If the movant cannot establish a substantial likelihood of success on the merits, "a court need not consider the remaining conditions prerequisite to injunctive relief." *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002). However, because this is a Report and Recommendation, the undersigned will consider the other requirements for a preliminary injunction.

Mr. Wang's "generalized concern" of frustration of future collection efforts is inadequate to support the broad asset freeze sought here. And even if *some* potential for irreparable harm existed, the requested asset restraint is extremely overbroad. *See Tang v. Individuals, etc.*, No. 21-14431-CIV, 2022 WL 1664116, at *3 (S.D. Fla. Feb. 28, 2022) ("[I]n light of the extreme breadth and severity of the proposed asset freeze—combined with the speculative and generalized nature of the showing of alleged irreparable injury—Plaintiff has not met its burden to warrant that aspect of the relief sought."); *CFTC v. E-Metal Merchants, Inc.*, No. 05-21571-CIV, 2006 WL 8432005, at *7 (S.D. Fla. Jan. 9, 2006) (for asset restraints, "any funds not reasonably related to the ultimate relief requested by Plaintiff should be released").

In further support of irreparable harm, Mr. Wang's counsel argues if the preliminary injunction "is not granted it will be Mr. Wang who will suffer irreparable harm from not being able to guard the rights – the means and rights that he's obtained by being able to both design this product and patent it in a particular time frame." (Doc. 86, p. 82:6–10). This is speculative, and Mr. Wang fails to present evidence demonstrating irreparable harm. *See Ruffin v. Great Dane Trailers*, 969 F.2d 989, 995 (11th Cir. 1992) (holding that an injunction is inappropriate if the possibility of future harm arising from the

9

behavior the plaintiff seeks to enjoin is purely speculative). Thus, this factor weighs against entry of the requested preliminary injunction.

### 3. Balance of Harms

Next, the party moving for a preliminary injunction bears the burden of showing that the balance of equities tips in its favor. *Metalcraft of Mayville, Inc. v. Toro Co.*, 848 F.3d 1358, 1360 (Fed. Cir. 2017). The court "must weigh the harm to the moving party if the injunction is not granted against the harm to the non-moving party if the injunction is granted." *Id.* (citation omitted); *see also Nippon Shinyaku Co. v. Sarepta Therapeutics, Inc.*, 25 F.4th 998, 1009 (Fed. Cir. 2022).

Mr. Wang essentially requests that the court shut down multiple businesses—freezing all their assets which means they could not process returns, update inventory, or operate their business—despite their minimal sales of any accused product. (*See* Doc. 86, pp. 24:8–25, 28:18–25). For example, AgeUK listed and sold one alleged infringing product described as a "Crystal Singing Pyramid 5-inch Green Singing Pyramid for Meditation and Yoga Wellbeing," but has otherwise listed over 40,000 products. (Doc. 86, pp. 25:18-25, 26:1–9). Jenn Bran created over 300 listings on eBay and only listed and sold one alleged infringing product described as a "Crystal Singing Pyramid

10

with Nylon Carrying Case." (Doc. 86, p. 30:10–18).

While Mr. Wang's harm is speculative, the defendants and other affected non-parties would suffer great harm if the requested preliminary injunction was entered. *Delivery.com Franchising, LLC v. Moore*, No. 20-20766-CIV, 2020 WL 3410347, *13 (S.D. Fla. June 19, 2020) (holding the plaintiff's threatened non-monetary injuries were speculative, while the harm to defendant from injunctive relief would be substantial); *Vraiment Hosp., LLC v. Binkowski*, No. 8:11-cv-1240, 2012 WL 1493737, at *15 (M.D. Fla. Mar. 19, 2012) (denying injunction when the plaintiff's alleged harms were "too speculative" but injunction "would result in concrete harm to the defendants"). Thus, the equities do not weigh in Mr. Wang's favor, and Mr. Wang has not shown this factor favors the issuance of a preliminary injunction.

### 4. Public Interest

Finally, the court must determine whether the requested injunction is in the public's interest. The court acknowledges there a strong public interest in enforcing patent rights. *See Virtue v. Creamery Package Mfg. Co.*, 227 U.S. 8, 37–38 (1913). But there is no right to enforce patent rights against a product that does not infringe. The public generally has a right to open and fair marketplace competition. The public suffers when consumers are deprived of

11

their choice of product. *Bee Warehouse, LLC v. Blazer*, 671 F. Supp. 3d 1347, 1363–64 (N.D. Ala. 2023). Because it is unclear whether the **360 Patent is valid and enforceable, this factor does not weigh in favor of either party.

## III. CONCLUSION

Mr. Wang failed to satisfy the elements required for issuing a preliminary injunction. Accordingly, it is **RECOMMENDED** that Mr. Wang's motion for preliminary injunction (Doc. 35) be **DENIED**.

**ENTERED** in Tampa, Florida on June 25, 2024.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.