UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

XIANFENG WANG and JINZHOU
TOPFUND INDUSTRY CO. LTD,

    Plaintiffs,

v.                              Case No: 8:23-cv-2787-VMC-AAS

THE PARTNERSHIPS AND
UNINCORPORATED ORGANIZATIONS
IN SCHEDULE A,

    Defendants.
_____/

**ORDER**

This cause comes before the Court upon Plaintiffs' Motion for Order Authorizing Alternative Service of Process on Foreign Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3). (Doc. # 118). Plaintiffs seek to effectuate service of process by electronic mail, and service upon counsel as Plaintiffs have been unable to serve Defendants CVNC USA, Joysense, quartzproductsfactory, Solshine, and Jin Lv. (Id. at 1, 11). For the reasons stated below, Plaintiffs' Motion is denied.

**I.   Background**

Plaintiffs filed the amended complaint in this action on April 19, 2024 (Doc. # 82), though the Court treats June 3, 2024, as the operative filing date. (Doc. # 107 at 7). On

1

July 2, 2024, this Court directed Plaintiffs to serve all remaining Defendants by October 1, 2024, and explained that the deadline may be extended for good cause. (Id.).

Defendants include one individual and four business entities, all believed to be based in the People's Republic of China ("China"). (Doc # 1 at 5; Doc. # 118 at 2-3, 9-10). Plaintiffs have obtained Chinese addresses for the four business entities, Defendants CVNC USA, Solshine, Joysense, and quartzproduct, along with email addresses. (Doc. # 118 at 2-3, 10). However, only an email address has been obtained for Defendant Jin Lv. (Id. at 2, 10; Doc # 126). Defendants CVNC USA, Jin Lv, and Solshine are represented by legal counsel. (Doc. # 118 at 11; Doc. # 126).

On August 29, 2024, Plaintiffs filed the instant Motion requesting authorization to effectuate service by alternate means. (Doc. # 118). Specifically, Plaintiffs seek to serve Defendants via email. (Id. at 11). Plaintiffs additionally seek to serve Defendants CVNC USA, Jin Lv, and Solshine through their counsel. (Id.; Doc. # 126).

**II. Discussion**

Plaintiffs' service of process must comply with the Federal Rules of Civil Procedure. Rule 4(f) governs the methods by which service of process may be effectuated upon

2

foreign individuals:

> (f) SERVING AN INDIVIDUAL IN A FOREIGN COUNTRY. Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . .; or
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Service upon foreign corporations and partnerships follows a similar process. "Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served. . . at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h).

The United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (the "Hague

Convention" or "Convention"). The Hague Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Hague Convention, Art. 1. The Hague Convention, however, does "not apply where the address of the person to be served with the document is not known." Id. All Defendants subject to this Motion appear to be based in China, and their addresses are either already known or should be obtainable by Plaintiffs. Therefore, to the extent that documents must be served on Defendants in China, the internationally agreed means codified in the Hague Convention apply. Fed R. Civ. P. 4(f)(1).

Nevertheless, the Court may order an alternate method of service, if not prohibited by international agreement. Fed. R. Civ. P. 4(f)(3). The 1993 Advisory Committee Notes to Rule 4(f)(3) clarifies that:

> Paragraph (3) authorizes the court to approve other methods of service not prohibited by international agreements. . . Inasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law.

However, "the decision to issue an order allowing service by alternate means lies solely within the discretion of the district court." Chanel, Inc. v. Lin, No. 08-23490-CIV, 2009

4

WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009) (citing Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries, 353 F.3d 916, 921 (11th Cir. 2003)).

### 1. Service of process by email is impermissible

The Hague Convention requires each signatory to establish a central authority to receive requests for service of documents from other countries. Water Splash, Inc. v. Menon, 581 U.S. 271, 275 (2017); see also Hague Convention, Arts. 2-7. However, that is not the only method of service permissible under the Convention. Water Splash, 581 U.S. at 275; see also Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co., 480 F. Supp. 3d 977, 980 (N.D. Cal. 2020) ("Documents can be served under the Convention in several ways."). The Convention allows service of process (1) through a receiving country's central authority, (2) through alternative methods of service enumerated in the Convention and not objected to by the receiving country, or (3) through additional methods of service not provided by the Convention if consented to by the receiving country. See Facebook, 480 F. Supp. 3d at 980 (analyzing Articles 2-11 and 19 of the Hague Convention). Service of process that falls outside of those means is impermissible. See Facebook, 480 F. Supp. 3d at 983 ("Using a method of service that is not enumerated in the Convention

5

would be tantamount to not 'apply[ing]' the Convention, which is expressly prohibited.").

The Central Authority of China, also known as the Ministry of Justice of China, is designated to receive service requests under the Hague Convention. See China - Central Authority (Art. 2) and Practical Information, Hague Conference on Private Int'l Law at www.hcch.net/en/states/authorities/details3/?aid=490 (last accessed on October 21, 2024); (Doc. # 118 at 3). The estimated time for execution of service requests by the Central Authority of China is six months. Id. It appears that Plaintiffs have not even attempted to effectuate service through the Central Authority of China, despite already having the Chinese addresses of most Defendants. (Doc. # 118). Indeed, Plaintiffs ask in their Motion to circumvent the Central Authority by effectuating service through email. However, as explained below, the Hague Convention does not permit service by email upon defendants residing in China.

"[S]ervice by a method that is prohibited by international agreement is impermissible under Rule 4(f)(3). And here, service by email on defendants located in China is not permitted under the Hague Convention." Smart Study Co. v. Acuteye-Us, 620 F. Supp. 3d 1382, 1392 (S.D.N.Y. 2022), appeal

6

dismissed sub nom. Smart Study Co. v. HAPPY PARTY-001, No. 22-1810-CV, 2023 WL 3220461 (2d Cir. May 3, 2023). The Supreme Court has indicated that the Hague Convention is exclusive, noting that it "specifi[es] certain approved methods of service and preempt[s] 'inconsistent methods of service' wherever it applies." Water Splash, 581 U.S. at 271 (citing Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988)). The Convention is silent as to service by email. Therefore, email service would be preempted by the Convention, unless it is an alternative, unobjected method of service enumerated in the Convention (e.g., within the Article 10 right to serve via postal channels), or it is an additional method of service consented to by the receiving country (i.e., by unilateral or bilateral agreement under Articles 11 and 19).

China has objected to Article 10, including the right to effectuate service "by postal channels." Hague Convention, Art. 10. Plaintiffs nevertheless maintain that service by email is permissible because "while [China] has objected to postal means, they have not objected to service by email." (Doc. # 118 at 6-7). Plaintiffs seemingly take the position that a form of service not explicitly authorized by the Convention is proper so long as the receiving state has not

7

specifically objected to it. (Id. at 6-8). As discussed above, that reading is inconsistent with the Convention's exclusive nature. See Smart Study Co., 620 F. Supp. 3d at 1396 ("To infer that the Convention's silence as to a particular method equates to an implied permission to use virtually any method of service not proscribed by the Convention contravenes [its] purpose."). The Court will not presume that China has silently consented to service by email.

In short, service by email upon the China-based Defendants is prohibited by the Hague Convention. Thus, email service is not proper here under Rule 4(f).

**2. Service of process upon counsel is denied**

Courts have authorized several alternate methods of service, including service upon a defendant's counsel. "But typically, courts permit such alternate service only where the defendant's foreign address is unknown; the defendant has successfully evaded service; failure to permit alternate service will result in unduly long delays in litigation; or where attempted Hague Convention service has failed." Int'l Designs Corp., LLC v. Qingdao SeaForest Hair Prod. Co., No. 17-60431-CIV, 2018 WL 2364297, at *3 (S.D. Fla. Jan. 4, 2018) (citations omitted). Some courts are hesitant to exercise their discretion and approve alternate methods of service

8

where the plaintiff has not first attempted service via the Hague Convention. See, e.g., In re Zantac (Ranitidine) Prod. Liab. Litig., No. 20-MD-2924, 2020 WL 5501141, at *5 (S.D. Fla. Sept. 11, 2020) (denying motion to approve alternate service with leave to refile after attempting service via the Hague Convention); Int'l Designs Corp., LLC, 2018 WL 2364297 at 4-5 (same).

Plaintiffs still have recourse if unable to serve process through the Central Authority. See Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment ("Other circumstances that might justify the use of additional [service] methods include the failure of the foreign country's Central Authority to effect service within the six-month period provided by the Convention."). If service through the Hague Convention after reasonable efforts remains unperfected for six months or longer, Plaintiffs "may move for an order permitting alternative service under Rule 4(f)(3) so long as the proposed method of service complies with the Due Process Clause and is not prohibited by some other international agreement." Duong, 700 F. Supp. 3d at 1096 (citing Article 15 of the Convention).

Here, Plaintiffs have not attempted to serve Defendants through the Central Authority, as laid out in the Hague

9

Convention. Neither did Plaintiffs move to extend the Court-ordered service deadline to be able to do so. The Court does not find it appropriate to approve an alternate method of service at this time – whether it be through email or Defendants' counsel. Instead, to allow Plaintiffs time to properly effectuate service through the methods prescribed in the Hague Convention, the Court extends Plaintiffs' deadline to serve Defendants until May 30, 2025.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

1. Plaintiffs' Motion for Order Authorizing Alternative Service of Process on Foreign Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) (Doc. # 118) is **DENIED** without prejudice.

2. The deadline for Plaintiffs to serve the defendants is extended to **May 30, 2025.** Plaintiffs are directed to effectuate service of process in accordance with this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of October, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

10